# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

YEVHENII MAIDANIK,

    Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director, U.S. Immigration and Customs Enforcement; and WARDEN of the Torrance County Detention Center,

    Respondents.

Case No. 1:26-cv-02518-MIS-JFR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Yevhenii Maidanik's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed August 3, 2026. Respondents Todd Blanche, Markwayne Mullin, David Venturella, and May De Anda-Ybarra ("Federal Respondents"),[1] filed a Response on August 4, 2026, ECF No. 5.

Petitioner is a citizen of Ukraine who entered the United States in January 2025, was encountered shortly afterwards and has remained in custody ever since. Pet. ¶¶ 34-36, ECF No. 1.

---

[1]    Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner was initially processed for expedited removal but the expedited removal order was vacated after a finding of credible fear. Id. ¶ 37. Respondents issued Petitioner a Notice to Appear which charges Petitioner is "'an alien present in the United States who has not been admitted or paroled,' not an arriving alien." Id. Petitioner's application for asylum was denied but his appeal remains pending. Id. ¶¶ 39-40. Petitioner has been treated as subject to mandatory detention under 8 U.S.C. § 1225(b) and has not received a bond hearing. Id. ¶ 41.

Petitioner argues he should be subject to 8 U.S.C. § 1226 and challenges his detention on Fifth Amendment grounds. Id. ¶¶ 42-50. Petitioner seeks an order granting release. Id. at 14-15.

Respondents declined to submit a "brief in opposition to the Petition detailing the facts and circumstances of this case." Resp. at 1, ECF No. 5. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief" and argue the appropriate relief is "a bond hearing under § 1226(a), or release." Id. at 1-2 (citing *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026).

The Court finds Respondents concede § 1226(a) governs Petitioner's detention and he is entitled to habeas relief. If Respondents have not conceded § 1226(a) governs his detention, the Court finds § 1226(a) governs his detention because his Notice to Appear categorized him as an alien present in the United States and not an arriving alien. Singh v. Warden, No. 1:26CV01056-MIS-DLM, 2026 WL 1133399, at *2 (D.N.M. Apr. 27, 2026). An alien held for eighteen months under § 1226(a) is entitled to relief based on prolonged detention in violation of his constitutional rights. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *2 (D.N.M. July 7, 2026). Even if Respondent were subject to 8 U.S.C § 1225 because he was apprehended upon entry and has not been released into the Untied States, his prolonged detention is a violation of his constitutional rights and he is entitled to relief. Mardanpour v. Warden, No. 2:26-CV-00550-MIS-

LF, 2026 WL 963164, at *2 (D.N.M. Apr. 9, 2026). The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Yevhenii Maidanik's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Respondents **SHALL** file a Notice of Compliance with this Order; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

Margaret Strickland
_____

3

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE